UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LANDMARK AMERICAN INSURANCE COMPANY**        **CIVIL ACTION**

**VERSUS**                                      **NO. 10-809**

**GULF COAST ANALYTICAL LABORATORIES, INC.**    **SECTION "B"**

<u>ORDER & REASONS</u>

For the following reasons, **IT IS ORDERED** that the plaintiff's motion for summary judgment on the coverage claim is **DENIED** and the defendant's motion for partial summary judgment is **GRANTED**. In addition, the plaintiff's motion for partial summary judgment on defendant's claim for bad faith damages is **GRANTED**.

Plaintiff, Landmark American Insurance Co., ("Landmark"), filed a motion for summary judgment seeking declaratory judgment that electronic data is not susceptible to direct physical loss or damage, and in the alternative, Landmark seeks a grant of partial summary judgment on the issue of bad faith. (Rec. Doc. 21). Landmark admits that electronic data is covered property under the ISCF form. (Rec. Doc. No. 21-1 at 7). However, Landmark argues that electronic data is intangible in nature and, as a result, not susceptible to "direct, physical loss or damage" as a covered cause of loss. (Rec. Doc. No. 21-1 at 12). As a result, Landmark argues that electronic data can only be

1

subject to coverage if the associated hardware is damaged which effect a loss or damage of electronic data. Id. Furthermore, Landmark argues that bad faith damages are not appropriate because there is a reasonable basis for its interpretation. (Rec. Doc. 38 at 15).

Defendant, Gulf Coast Analytical Laboratories Inc., ("GCAL"), has filed a cross motion for partial summary judgment seeking declaration that its loss of electronic data is covered under the Landmark Policy. (Rec. Doc. No. 28) More specifically GCAL seeks a finding that electronic data is physical in nature and, therefore, susceptible to direct physical damage. (Rec. Doc. No. 28-1 at 6-7). The defendant argues that electronic data has a physical nature that was physically disrupted whenever the RAID controller malfunctioned. Id. at 14. In the alternative, the defendant argues that the provisions, read together, are at best ambiguous and should be read in a light most favorable to the insured. Id. at 15.

GCAL is a Louisiana Corporation with its principle place of business located in Louisiana. (Rec. Doc. No. 1 at 1). GCAL provides chemical data analysis to the petrochemical industry and certain governmental agencies. (Rec. Doc. No. 28 at 1). In GCAL's business operations, it analyzes chemical samples and stores the information as electronic data on a hard disk storage system. (Rec. Doc. No. 28 at 1). The hard disk storage system

is called a RAID5 system. (Rec. Doc. No. 28 at 1). On September 15, 2010, the RAID5 system failed to read two hard disk drives and resulted in the corruption of data. (Rec. Doc. No. 28 at 2).

On September 21, 2010 GCAL notified Landmark of the September 15, 2010 loss. (Rec. Doc. No. 28 at 2). GCAL asserts that the loss of data resulted in $112,000.00 in recovery costs to third party vendors and over $1 million in losses to business income. (Rec. Doc. No. 28 at 3).

Landmark is an Oklahoma Corporation with its principal place of business in Atlanta, Georgia. (Rec. Doc. No. 1 at 1). Landmark provides commercial property insurance coverage and commercial inland marine insurance coverage to GCAL. (Rec. Doc. No. 1 at 1). Landmark provides coverage to GCAL pursuant to the Building and Personal Property Coverage Form, The Business Income (and Extra Expense) Coverage Form, The Causes of Loss— Special Form, and the Information Systems Coverage Form. (Rec. Doc. No. 1 at 2-3).

On December 2, 2010, Landmark filed this action for declaratory judgment concerning Landmark Policy No. LHT368095. (Rec. Doc. No. 21 at 3). Landmark seeks declaration (1) that there is no coverage for GCAL's damage claims under the additional coverages applicable to electronic data losses under the Commercial Property Coverage (Counts One through Four) and

(2) that there is no coverage under the Information Systems Coverage Form ("ISCF") of the Commercial Inland Marine Coverage (Counts Five through Eight). (Rec. Doc. No. 21 at 3-4).

On January 17, 2011, GCAL filed an answer to Landmark's complaint. (Rec. Doc. No. 11). In GCAL's answer they file a counterclaim asserting Breach of Contract and Bad Faith based on Landmark's alleged failure to properly pay GCAL's claim under the ISCF of the Landmark Policy. (Rec. Doc. No. 11). In addition GCAL claims Detrimental Reliance based on Landmarks failure to advise them that the Business Income and Extra Expense would not apply to its Information Systems Coverage Form unless shown separately as a limit of insurance on the Commercial Inland Marine Coverage Part. (Rec. Doc. No. 11).

### **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is required against a party who, "after adequate time for discovery[,] . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Conversely, "[i]f the evidence would permit a reasonable trier of fact to find for the non-moving

4

party, then summary judgment should not be granted." *Anaya v. Traylor Bros., Inc.,* 478 F.3d 251, 253 (5th Cir.2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Erie v. Thompson*, 304 U.S. 64, 78 (1938). Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

### I. Electronic Data Coverage

Both parties have filed summary judgment motions urging alternative applications of the Landmark insurance policy's ISCF part of the Commercial Inland Marine Coverage Part section A(4). Section A(4) of the ISCF details the covered causes of loss and states, "[w]e cover risks of direct physical 'loss or damage' to Covered Property, including 'computer viruses,' except those causes of 'loss and damage' listed in the Exclusions." (Rec. Doc. No. 21-2 at 60).

Neither party disputes that "electronic data" is covered property under the ISCF section A(1)(b); however, the parties do disagree as to whether electronic data can be subject to "direct, physical 'loss or damage'". To resolve the question of

5

whether coverage applies the court must determine what meaning is to be given to electronic data. Therefore, the question before the court is whether electronic data is physical or non-physical in nature.

Since the Court is sitting in diversity, Louisiana law is applied. "Under Louisiana law, an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *In re Katrina Canal Breaches Lit.*, 495 F.3d 191, 206 (5th Cir. 2007). The Louisiana Civil Code provides the general rules to be used in contract interpretation. "Words of a contract must be given their generally prevailing meaning." La. Civ. Code §2047. "Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La. Civ. Code §2048. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code §2050. "A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective." La. Civ. Code §2049.

Neither party disagrees as to the meaning of the words "direct, physical 'loss or damage'". The parties do disagree as to whether such a cause of loss can apply directly to electronic

data. The contract does not explicitly provide for a classification of electronic data as physical or non-physical in nature.

The question of whether electronic data is physical or non-physical has been debated in several jurisdictions and has led to various conclusions. *See Ward General Ins. Services, Inc. v. The Employers Fire Ins. Co.,* 114 Cal. App. 4th 548 (2003); *America Online, Inc. v. St. Paul Mercury Ins. Co.*, 207 F.Supp.2d 459 (E.D. Va. 2002) (finding that electronic data is intangible and not physical in nature); *see also Southeast Mental Health Center, Inc. v. Pacific Ins., Co., Ltd.* 439 F.Supp.2d 831 (W.D. Tenn. 2006); *Lambrect & Associates, Inc. v. State Farm Lloyds*, 119 S.W.3d 16 (Tex. App. Tyler 2003)(finding that electronic data is susceptible to physical damage via computer virus). Though Louisiana has not specifically addressed the issue of whether stored data is physical, it has determined electronic software data is physical. *South Cent. Bell Telephone Co. v. Barthelemy*, 643 So.2d 1240, 1244 (La. 1994).

In *South Cent. Bell*, The Louisiana Supreme Court was confronted with the issue of whether or not electronic computer software is considered physical in nature so as to be subject to local tax law. *Id.* The Court found that "tangible, physical property" is analogous to corporeal movable property in Louisiana law, and held that the electronic data is considered

7

corporeal movable property. Id. The Court explained, "The Louisiana Civil Code departed from the narrow Roman law conception that only 'tangible objects' were corporeal; instead, 'the Louisiana Civil Code of 1870 declared that perceptibility by any of the senses sufficed for the classification of a material thing as corporeal.'" *Id.* at 1244. The Court further noted that,

> When stored on magnetic tape, disc, or computer chip, this software, or set of instructions, is physically manifested in machine readable form by arranging electrons, by use of an electric current, to create either a magnetized or unmagnetized space . . . this machine readable language or code is the physical manifestation of the information in binary form.

*Id.* at 1246.

Contrary to the plaintiff's assertions, tangibility is not a defining quality of physicality according to Louisiana law. The Louisiana Supreme Court determined that though electronic data is not tangible, it is still physical because it can be observed and altered though human action. *Id.* 1244. Therefore, according to Louisiana law, GCAL's electronic chemical analysis data must be considered a corporeal movable or physical in nature. Therefore, like the electronic software data in *South Cent. Bell*, GCAL's electronic data "has physical existence, takes up space on the tape, disc, or hard drive, makes physical things happen, and can be perceived by the senses". *Id.* at 1246. Since the GCAL's electronic data is physical in nature

8

under Louisiana law, summary judgment is appropriate, declaring that electronic data is susceptible to "direct, physical 'loss or damage,'". Nevertheless, judgment for the defendant does not affect the rights of the parties to litigate whether coverage is excluded under another provision of the contract provided it is not contrary to Louisiana law.[1]

**II. Bad Faith**

In addition to seeking electronic data being classified as physical in nature, GCAL asserts that bad faith damages should apply to Landmark for failure to timely pay on GCAL's insurance claim. The applicability of bad faith penalties is governed by Louisiana Revised Statutes sections 22:1892 and 22:1973.

La. Rev. Stat. 22:1892 states:

> (A)(1) All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
> (B)(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due.

La. Rev. Stat. 22:1973 states that an insurer has acted in bad faith and breached a duty to the insured when they have:

> (B)(1) Misrepresenting pertinent facts or insurance

---

[1] The plaintiff urges in its complaint that the damage was caused by an inherent defect in the device which is subject to exclusion under the contract. (Rec. Doc. No. 1 at 15-16).

9

> policy provisions relating to any coverages at issue.
> (B)(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

It is undisputed between the parties that Landmark received satisfactory proof of loss and failed to pay on the claim within the time required. The only in dispute between the parties is whether Landmark acted in an arbitrary and capricious manner.

In *Louisiana Bag*, the Louisiana Supreme Court stated the rule for determining arbitrary and capricious conduct: "an insurer need not pay a disputed amount in a claim for which there are substantial, reasonable and legitimate questions as to the extent of the insurer's liability or of the insured's loss." *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1116 (La. 2008). "However, an insurer must pay any undisputed amount over which reasonable minds could not differ." *Id.; see also Calogero v. Safeway Ins. Co. of Louisiana,* 753 So.2d 170, 173 (La. 2000) ("[W]here the insurer has legitimate doubts about coverage, the insurer has the right to litigate these questionable claims without being subjected to damages and penalties.").

In the instant case, GCAL generally alleges that Landmark's failure to pay was arbitrary and capricious because of the large amount of case law interpreting the policy in GCAL's favor.

10

Contrary to GCAL's assertion and as stated above, there is a conflicting body of case law on issue of the classification of electronic data. For that reason, there exist "substantial, reasonable and legitimate questions to the extent of the insurer's liability" to which reasonable minds could differ and clearly do based on the case law.

New Orleans, Louisiana, this 26th Day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE