```
                    UNITED STATES DISTRICT COURT
                    MIDDLE   DISTRICT   OF LOUISIANA
```

**LANDMARK AMERICAN INSURANCE COMPANY**                    CIVIL ACTION

**VERSUS**                                                  NO. 10-809

**GULF COAST ANALYTICAL LABORATORIES, INC.**                SECTION "B"


<u>ORDER AND REASONS</u>


It is **ORDERED** that the opposed motion for Rule 11 sanctions is **DENIED**. (Rec. Doc. No. 30, 33, & 36). Gulf Coast Analytical Laboratories', Inc. ("GCAL") claim for bad faith damages does have a reasonable basis in law and fact. There is existing legal support for the theory of law that GCAL advances in its memo. Therefore, GCAL's claim is not frivolous and sanctions would be inappropriate. Landmark American Insurance Company's ("Landmark") attempt to impose sanctions on its insured's claim for bad faith is highly questionable.

Fed. R. Civ. P. 11[1] places three duties on counsel:

---

[1] Fed. R. Civ. P. 11 states:
   **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
      **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
      **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
      **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (1) counsel must make a reasonable inquiry into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the costs of litigation.

*St. Amant v. Bernard*, 859 F.2d 379, 382 (5th Cir. 1988). An attorney "need not provide an absolute guarantee of the correctness of the legal theory advanced in the papers he files." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994). "Rather, the attorney must certify that he has conducted reasonable inquiry into the relevant law." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992). "Then, regardless of whether the attorney's view of the law is erroneous, sanctions can be imposed only if his position can 'fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal.'" *F.D.I.C.*, 34 F.3d at 1296 (citations omitted).

In the instant action it cannot be said that GCAL's position on the law is unreasonable. GCAL's claim for bad faith damages relies principally on *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104 (2008). GCAL argues for a narrow application of the holding in *Louisiana Bag* that "an insurer must take the risk of misinterpreting its policy provision . . .

---

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

error will not be considered a reasonable ground for delaying payment of benefits." *Id.* at 1117. GCAL further cites policy reasons and other Louisiana court decisions in support of such a holding. (Rec. Doc. No. 33 at 4-6). For the above stated reasons, GCAL's position can be said to be reasonable from the point of view of existing law and its possible extension, modification, or reversal. Therefore, Landmark's motion for Rule 11 sanctions clearly fails.

New Orleans, Louisiana, this 26th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE